ALBERT WHITE *vs.* INHABITANTS OF VASSALBOROUGH.

Kennebec. Opinion July 19, 1889.

*Ways. Defect in Highway. Notice. R. S., c. 18, § 80.*

A notice under R. S., c. 18, § 80, setting forth a claim for damages, and speci-fying the nature of injuries received, described the nature of the defect in the highway as "a large snow drift left in the road;" and its location, "by the house of H. F. Whitehouse." *Held,* sufficient.

ON EXCEPTIONS, by the defendants to the superior court, for Kennebec county.

This was an action on the case, for damages sustained by the plaintiff, by reason of an alleged defect in the highway in the defendant town. There was a verdict for the plaintiff.

The plaintiff offered as evidence of having complied with the provisions of R. S., c. 18, § 80, the following letter.

"Vassalboro, March, 17th, 1887.

"Sir on the night of March 15 as i was passing along the road by the house of H. F. Whitehouse there being a large snow drift left in the road upon which my horse went upsetting my load

breaking my cart & quite a large lot of my liniment & hurting me on the back shoulder & head very bad also causing my horse to run away she run ten miles to Augusta & i think she has lamed herself for life and other ways hurting herself now she is a very valuable mair i now claim damage for same i have alreddy payed out six dollars & seventy five cts if you will settle with me without further trouble i will take seventy five dollars but if not i shall claim two hundred dollars and believe i can prove a good claim at that i shall expect to here from 'you soon my present address will be Waterville for a few days then bangor please attend to this at once Yours Respectfully, Albert White."

The presiding justice ruled *pro forma,* that said letter was a sufficient notice to said defendant town, under the statute above referred to, and so instructed the jury.

The following agreed statement of facts was made a part of the exceptions.

"1st. . That the chairman of the board of selectmen of the defendant town, received said written notice on the 17th day of March, A. D. 1887, two days after the accident; and after receiving said notice, an arrangement was made between said selectmen and said White, to meet them on the 21st of said March, at their office at East Vassalboro, with reference to a settlement of damages claimed to have been sustained by said White, by reason of said accident.

2nd.    That plaintiff and Herbert F. Whitehouse, plaintiff's witness, testified that said notice was put in an envelope and given in hand to Benj. G. Hussey, one of the selectmen of defendant town, at Herbert F. Whitehouse's house in said Vassalboro.

3rd.    That said Benj. G. Hussey testified that he received said notice through the mail, and sent or left it at the house of E. C. Barrows, chairman of the board of selectmen of defendant town, on said March 17th, to whom the said notice was directed.

4th.    That the municipal officers of defendant town, first learned of said accident from other sources than the plaintiff, or said written notice, and acted upon the information, so first obtained, in ordering the road surveyor for the district including that part of the highway which passes the house of Herbert F.

Whitehouse, in said defendant town, to open a road through the snow drift upon which the accident happened, in front of the dwelling-house of said Herbert F. Whitehouse, in said town of Vassalboro.

5th. That on the 17th day of March aforesaid, and before receiving said written notice, said snow drift was opened; that on the 16th day of said March, verbal notice of the alleged accident was given to said Benj. G. Hussey by Charles Low, highway surveyor for said district; and that in pursuance of said verbal notice the said Benj. G. Hussey, acting for said board of selectmen, came to the residence of said Herbert F. Whitehouse, and personally examined the condition of the road at the place of the alleged accident, a few hours before the receipt of said written notice from the plaintiff."

*Heath and Tuell, E. W. Whitehouse*, with them, for defendants.

The only question before the court is the sufficiency of the above notice. Is it a compliance with the statute requiring such notice to be given? If not, defendants' exceptions must be sustained.

The notice is not put in to prove the defect, or any point in the case, except to enable the party to show what notice was given, that the court may judge whether it is a compliance with the law. *Chapman* v. *Nobleboro*, 76 Maine, 430.

The statute requiring the notice, requires that it shall be in writing and clearly defines what it shall contain. It is not to be varied by any "extrinsic facts" whatever. It is simply a question as to the meaning of the terms used and whether it is a compliance with the statute. *Chapman* v. *Nobleboro, supra; Dalton* v. *Salem*, 139 Mass. 91.

Defendants object to the sufficiency of the letter, and deny that it is a compliance with the statute, for the following reasons:

First. Because the plaintiff has made no sufficient claim for damages. The letter is only a bantering offer to settle with the defendant town for injuries alleged to have been sustained.

Second. Because there is in the letter no sufficient specification of the "nature" of plaintiff's injury.

The description of his injury or injuries is general; he says,

"hurting me on the back shoulder & head very bad," which surely cannot be called a specification of the nature of his personal injuries? His statement tells where he was hurt but is silent as to the nature of the hurt; and it is the nature of the injury that the statute requires to be specified.

Plaintiff does not claim in his letter that his horse was injured; he says, "causing my horse to run away she run ten miles to Augusta & i think she has lamed herself for life and other ways hurting herself," then he goes on to tell of the value of his "mair" and makes a claim for damages for his horse running away and for damages which he thinks he may have sustained. Plaintiff does not say that his horse is lamed; he says, "i think" she has lamed herself. He has not specified the nature of the injury done his horse; his statement is general and cannot be said to point out the "nature" of the injury, if any, to the animal.

It is not unreasonable, or more than the statute contemplates, that the party complaining should be required to give a more definite description of the injury received, than to say that he was hurt, or that his horse was lamed. We submit that construing said letter, according to the usual, plain and accepted meaning of the words used, there is no specification of the "nature" of plaintiff's injury such as the statute contemplates.

Third. Because the letter contains no specification of the "nature and location" of any defect.

The statute requires that the nature as well as the location of the defect shall be specified, and while in the great majority of cases, the nature of the defect would be sufficiently specified by naming the obstruction, as a stone, hole, or other object that might render a way unsafe and unfit for the public to use, in this case such a description would seem to be entirely insufficient.

When, as in the case at bar, the road was strewn and filled with similar defects, and that without the fault of the defendants, and beyond their power to avoid or control, it would seem only just to require a more specific description of the particular snow drift complained of. There is no specification in said letter, that distinguishes any one "large snow drift" from the many others, that at that time filled the streets and roads of defendant town.

Plaintiff does not intimate in the letter where in said road said "large snow drift" was located, or that "the road" referred to in said letter was in defendant town. He has simply located a large snow drift in a road, which extends past the house of one H. F. Whitehouse.

"The road" referred to in said letter can be located in defendant town only by inference ; the letter is dated at Vassalboro ; and is addressed to an inhabitant of Vassalboro. Are those facts alone sufficient to locate the road referred to in the defendant town? *Rogers* v. *Shirley*, 74 Maine, 151.

All that this letter, at most, can be construed to specify, is the road which extends past the house of H. F. Whitehouse, in which road, somewhere, a large snow drift was left. Nothing in said letter specifies the location of said "large snow drift;" it might have been located at any point in said road. The roads and highways all over our state, at the time when the plaintiff met with this accident, were more or less filled and blocked with snow ; and it would seem to be absurd to hold that, on a road of indefinite length and at a time of year when all country roads were more or less filled and blocked with snow, this letter specified any particular snow drift. All snow drifts are not defects even though they may be within the limits of the way, and there is nothing in this case that would indicate that this snow drift was a defect.

The word "by" never means directly in front of or opposite of ; it means near to, and we submit that the plaintiff meant as he was passing near to, or as he has expressed it "by" said house. This we claim does not specify the location of the said snow drift ; for suppose the road extended north and south, then the plaintiff has described two places with equal accuracy. One near to said house in a northerly direction, the other near to the house in a southerly direction. The drift may as well be located near the said house in one direction as another. The word "near" is very indefinite ; one person would call an object near when another might call it some distance away. As this letter has described with equal accuracy two or more places or localities, with nothing to indicate which was intended, on the premises at the time the notice was given, this was not a sufficient location of the defect.

*Dalton* v. *Salem*, 139 Mass. 91, and cases cited. And again, plaintiff was moving along, "was passing" so that it would be impossible to say at just what point the plaintiff was when the accident happened. Allowing the most favorable construction to said letter and then the word "there" can only refer to the word "by," and the most that the plaintiff could have meant was that the snow drift was located near the said house. In no case and under no possible construction can said letter be said to specify the "nature and location" of any defect. It was the intention of the plaintiff to describe the road rather than to describe any particular point or object in said road.

It is admitted that a man by the name of Herbert F. Whitehouse lived in defendant town, but there is nothing in the letter that would indicate that he was the man or person referred to. No evidence or agreement is produced to show that Whitehouse owned any house in defendant town, while the letter implies that H. F. Whitehouse owned the house that plaintiff was passing, at the time he received the injury of which he complains. Such notices should be construed strictly. *Rogers* v. *Shirley*, 74 Maine, 151; *Low* v. *Windham*, 75 Maine, 116; *Wagner* v. *Camden*, 73 Maine, 486; *Roberts* v. *Douglass*, 140 Mass. 129.

The test of the sufficiency of the notice now required, is not that it is such a notice as will lead the town to such an investigation as would result in the discovery of the defect, or its learning the facts in the case; it must be a specification of the location of the defect itself. *Rogers* v. *Shirley*, *supra; Larkin* v. *Boston*, 128 Mass. 523. The acts and statements of municipal officers of a town cannot be regarded as a waiver of the statute notice. *Veazie* v. *Rockland*, 68 Maine, 511. Neither can notice of the defect be proved by the admissions of the town or city officers. *Smyth* v. *Bangor*, 72 Maine, 249; *Miles* v. *Lynn*, 130 Mass. 398. The only ground, upon which the acts and statements of the municipal officers can be considered, is to show that the municipality was not misled by anything in the notice. *Fortier* v. *Easthampton*, 142 Mass. 486; *Chapman* v. *Nobleboro*, 76 Maine, 430. The cases of *Blackington* v. *Rockland*, and *Bradbury* v. *Benton* are not authorities on the sufficiency of the specification

contained in such notices at the present time. Those cases arose under the statute of 1874, c. 215, which differs from our present statute very materially. *Rogers* v. *Shirley, supra.*

*Spear and Clason,* for plaintiff.

"Notices in this class of cases are not to be very strictly construed. * * * The main object of a notice is, that the town may have an early opportunity of investigating the cause of an injury, and the condition of a person injured." *Blackington* v. *Rockland,* 66 Maine, 332.

This opinion applied to the statute of 1874, with reference to the specification of injuries required in the notice to towns. But the terms of the statute of 1874 as to injuries are identical with those required by R. S., c. 18, § 80. Therefore the same reasoning will apply to both statutes so far as the specifications of injuries is concerned, the terms being the same. R. S., c. 18, § 80, requires in addition to the specification for injuries, a specification of the location of the defect causing the injury, so that the present statute reads: "setting forth his claim for damages, and specifying the nature of his injuries and the nature and location of the defect, which caused the injury."

The language of the amendment to the statute of 1874 is "and the nature and location of the defect which caused the injury," which is used in the same connection and is almost a repetition of that used with reference to injury. Hence we claim the same liberal construction should be given to the requirement, in regard to the defect, as is given to that in regard to the injury.

The location is amply set out. First. The notice is dated, "Vassalboro, March 17th, 1887." We say it is a fair presumption of law that the place, named in the date, is the place of all transactions alluded to in the body of a written instrument, no other place being specified. Of course, a notice might be dated in one town, when the accident occurred in another; but a failure to name the town in which the accident occurred, in the body of the notice would be fatal to the plaintiff upon proof, and could do no possible harm to the defendant.

Second. The notice was directed to "E. C. Barrows, chairman of the board of selectmen of Vassalboro." Why direct the notice

to the selectmen of Vassalboro if the accident occurred in another town? Could there be the smallest doubt in the minds of the selectmen as to what town was meant?

Third. It was "by the house of H. F. Whitehouse there being a large snow drift left in the road." H. F. Whitehouse is a well known resident in Vassalboro, and it is not pretended by the defendants, that there is any other person by the same name in the town. What better designation of place can there be than the homestead of some well known citizen in town. In fact, it is the common way of directing, not only those who are acquainted, but even strangers from place to place in a town. It was "by" this house, that is "in the neighborhood of; near or next to; not far from; close to; at." Webster. "There" being a large snow drift left in the road.—Where? By the house of H. F. Whitehouse, that is, near to it. Such a designation of place is sufficient. *Chapman* v. *Nobleboro*, 76 Maine, 427.

The agreed statement of facts also shows, that the municipal officers of the defendant town were at the place of accident two days after it occurred, and ordered the surveyor to open the drift complained of. Therefore it is apparent that, however defective the notice, the selectmen themselves fully understood it and never dreamed that it was defective, until they were informed by their legal advisers.

The defendants are estopped to deny the sufficiency of the notice.

If the purpose of notice is to give the municipal officers seasonable opportunity to examine into the injury and defect, as has been repeatedly held, and if, in pursuance of a notice which they have received, have, as a matter of fact, obtained all the information the law intended they should have; have actually examined the location of the defect causing the injury and the injury caused thereby; and have acted upon this notice as a legal and valid basis of settlement of damages claimed for such injuries; met the plaintiff at their office for adjustment on this notice and made no objection whatever to its sufficiency, thereby inducing the plaintiff to believe that they regarded it as all right, when upon an intimation of defect he could have given a new notice, then we

claim the defendants should be estopped to set up a technical denial of their own acts and profit thereby, to the injury of the plaintiff. The notice required is not for, nor given to, the inhabitants of the town. It is to the municipal officers, in their official capacity, that they may have certain information upon which to act, or not, as they may see fit. It is in no way communicated to, or acted upon, by the people. Its sole purpose is to give information to the selectmen and, if they act on it as giving that information, the whole purpose of the law is accomplished; for no action can ever be taken on it beyond the selectmen. The whole power over the notice begins and ends with them. Therefore this is not one of those cases, in which the action of the selectmen cannot bind the town.

That an express requirement of the statute as to notice can be waived, is well settled in a long line of insurance cases. *Bartlett* v. *Union Ins. Co.*, 46 Maine, 500;. *Lewis* v. *Monmouth Ins. Co.*, 52 Maine, 492; *Walker* v. *Metropolitan Ins. Co.*, 56 Maine, 371; *Bailey* v. *Hope Ins. Co.*, 56 Maine, 474.

HASKELL, J. The only question presented is whether the supposed notice is a compliance with R. S., c. 18, § 80, that requires any person, who sustains injury or damage by reason of a defective public way, to give notice to the proper officers, within fourteen days, "by letter or otherwise, in writing, setting forth his claim for damages, and specifying the nature of his injuries and the nature and location of the defect which caused such injury."

The supposed notice is inartificially framed, and was evidently written by an illiterate person; but, for these reasons, it should not be rejected, if it serves the purpose of conveying the information required by the statute. Its sufficiency must be determined from substance, rather than from form and elegance.

The notice was seasonably given to the proper person, setting forth a claim for damages, and specifying the nature of the injuries received. It also states the nature of the defect complained of, viz. "a large snow drift left in the road," and locates the same "by the house of H. F. Whitehouse." The notice is dated at "Vassalboro," begins "Sir," and was received by the

selectmen of that town on the day of its date, the second day after the damage was sustained.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.